CSD 1160 [03/01/15]

Name, Address, Telephone No. & I.D. No.

Michael F. Ram (SBN 104805)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re Omega Family Services, LLC

Debtor.

BANKRUPTCY NO. 3:20-bk-06121

Mark Angeles, Jeffrey Angeles, Linda Kelly, and Trevor Kelly

Moving Party.

RS NO.

James L. Kennedy and Omega Family Services, LLC

Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐ **REAL PROPERTY**   ☒ **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter   ☒ 7   ☐ 11   ☐ 12   ☐ 13   was filed on 12/23/2020.

2. Procedural Status:
   a. ☐ Name of Trustee Appointed *(if any)*: James L. Kennedy
   b. ☐ Name of Attorney of Record for Trustee *(if any)*: William P. Fennell
   c. ☐ *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on: ____.
      If applicable, the prior case was dismissed on: ____.
   d ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on ____
      or a confirmation hearing is set for ____.

Movant alleges the following in support of its Motion:

1. ☐ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   c. Legal description of property is attached as Exhibit A.

CSD 1160

CSD 1160 (Page 2) [03/01/15]

      d.      If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

      e.      *Fair market value of property as set forth in the Debtor's schedules: $ _____

      f.      *Nature of Debtor's interest in the property:

2.    ☒ The following personal property is the subject of this Motion *(describe property)*:
The proceeds of Debtor's Errors and Omissions insurance policy, issued by National Casualty Company, Policy Number FNO0001738-VA-03-05, which a two million dollar policy aggregate and a one million dollar each wrongful act aggregate.

      a.      Fair market value of property as set forth in the Debtor's schedules: $ N/A .

      b.      Nature of Debtor's interest in the property:  Debtor is the named insured of said policy. The Trustee has advised that the Debtor is not eligible to recover under said policy, which only covers claims of third parties such as those of Movants.

3.    *Fair market value of property according to Movant: $ 0 .

4.    *Nature of Movant's interest in the property: Movants are owed relief under said policy due to Debtor's involvement (with other parties) in a scheme where Movants and putative class members were sold counterfeited and nonexistent "PregnancyCare" insurance policies, which purported to provide surrogacy insurance to surrogates and hopeful parents.  Movants intend to assert a class action seeking damages against said policy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. and various state and common law claims.

5.    *Status of Movant's loan:
      a.      Balance owing on date of Order for Relief:    $ _____
      b.      Amount of monthly payment:    $ _____
      c.      Date of last payment:
      d.      If real property,
            i.    Date of default:
            ii.    Notice of Default recorded on:
            iii.    Notice of Sale published on:
            iv.    Foreclosure sale currently scheduled for:
      e.      If personal property,
            i.    Pre-petition default:  $ _____    No. of months: _____
            ii.    Post-petition default: $ _____    No. of months: _____

6.    *(If Chapter 13 Case, state the following:)*
      a.      Date of post-petition default:
      b.      Amount of post-petition default:    $ _____

7.    Encumbrances:
      a.      Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: | | | | | |
| 2nd: | | | | | |
| 3rd: | | | | | |

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

CSD 1160 (Page 3) [03/01/15]

| | | | | | |
|---|---|---|---|---|---|
| 4th: | | | | | |
| Totals for all Liens: | $ | $ | | $ | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

8. Relief from the automatic stay should be granted because:

    a. ☐ Movant's interest in the property described above is not adequately protected.

    b. ☐ Debtor has no equity in the ☐ real property ☐ personal property described above and this property is not necessary to an effective reorganization.

    c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or ____ days as ordered by this court) have passed since entry of the order for relief in this case, and

        i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii. the Debtor/Trustee has

            (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

            (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    d. ☒ *Other cause exists as follows *(specify)*: ☐ See attached page.
Debtor not to keep the proceeds of said insurance policy, thus they are not property of the estate. See In re Edgeworth, 993 F.2d 51, 55–56 (5th Cir. 1993) ("overriding question" in determining whether the proceeds of an insurance policy constitute property of the estate is "whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim").

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1. ☒ Other relevant evidence:
    1. Certificate of Insurance for Omega Family Services, LLC, Policy No. FNO0001738-VA-03-05
    2. Certificate Policy for Participating Insurance Agent Members of the Financial Services Professional Liability Risk Purchasing Group/MGA P-C, Policy No. FNO0001616-VA-03-02

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☐ Relief as requested.

☒ Other:
Relief to file a class action complaint against the Debtor (and other parties) as described above in order to seek money damages for purposes of seeking said insurance proceeds. Movants shall not seek to enforce any judgment obtained in this proceeding against assets of the Debtor / Estate.

Dated: June 28, 2021

                                            /s Michael F. Ram
                                            [Attorney for] Movant